UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SIGNATURE FINANCIAL LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:21-cv-633 (TSE/TCB) |
| BUS4HIRE, LLC and RUMMAN ZAHEER, | ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff Signature Financial LLC's ("Plaintiff") Motion for Default Judgment. (Dkt. 12.) Plaintiff seeks default judgment against Defendants Bus4Hire, LLC ("Bus4Hire") and Rumman Zaheer ("Zaheer") (or collectively, "Defendants").[1] For the reasons articulated below, the undersigned U.S. Magistrate Judge recommends that the Court grant Plaintiff's motion.

### I. BACKGROUND

**A.    Procedural Posture**

Plaintiff filed this lawsuit against Defendants Bus4Hire and Zaheer on May 21, 2021 for breach of contract against Bus4Hire (Count I), breach of guaranty against Zaheer (Count II), and, in the alternative, quasi-contract/restitution/quantum meruit/unjust enrichment against the Defendants collectively (Count III). (Dkt. 1.) After Defendants failed to enter an appearance or

---

[1] The relevant filings before the undersigned include Plaintiff's Complaint (Dkt. 1) ("Compl."); Plaintiff's Motion for Default Judgment ("Mot. Default J.") (Dkt. 12); Plaintiff's Brief in Support of Plaintiff's Motion for Default Judgment ("Mem. Supp.") (Dkt. 13); and all attachments and exhibits submitted with those filings.

1

respond in any fashion, Plaintiff requested the clerk's entry of default against Bus4Hire and Zaheer on July 8, 2021. (Dkts. 7, 8.) The clerk entered default as to Bus4Hire and Zaheer on July 9, 2021. (Dkts. 9, 10.) The Honorable District Judge T.S. Ellis III then ordered Plaintiff to file a motion for default judgment against Defendants with an accompanying memorandum and to notice a hearing. (Dkt. 11.) Plaintiff complied and filed a motion for default judgment on November 23, 2021. (Dkts. 12.)

The undersigned held a hearing for Plaintiff's motion on Friday, December 17, 2021. At the hearing, representatives for Bus4Hire and Zaheer failed to appear or otherwise respond. The Court took this matter under advisement for the undersigned to issue this Report and Recommendation.

### B.    Jurisdiction and Venue

Before the Court can render default judgment, it must have subject-matter and personal jurisdiction over the defaulting parties, and venue must be proper.

*First*, the Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). A federal district court has subject-matter jurisdiction when a dispute involves "citizens of different States" and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). Here, Plaintiff is a New York limited liability company, none of its members are citizens of Virginia, and its principal place of business is in Melville, New York. (Compl. ¶ 1.) Plaintiff Signature Financial, LLC is a wholly owned subsidiary of Signature Bank. (*Id.*) Signature Bank is incorporated in New York and has its principal place of business in New York, New York. (*Id.*) Bus4Hire is a single-member, Virginia limited liability company with its principal place of business in Sterling, Virginia. (Compl. ¶ 2.) Zaheer is the President and single member of Bus4Hire and is a Virginia citizen

2

who resides in Ashburn, Virginia. (Compl. ¶ 3.) For purposes of diversity jurisdiction, both Defendants are citizens of Virginia and Plaintiff is not. Accordingly, there is complete diversity between the parties. Furthermore, the amount in controversy, $298,035.42, exceeds $75,000.00. (Compl. ¶¶ 4, 41.) The Court, therefore, has diversity jurisdiction over this matter.

*Second*, the Court has personal jurisdiction over both Defendants. The standards of federal due process and the forum state's long-arm statute must be satisfied for a federal court to have personal jurisdiction over a party. *See Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 301 (4th Cir. 2012). Federal due process permits personal jurisdiction where a defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Further, "a defendant should be able to anticipate being brought to court in the forum, in that the contacts must be directed at the forum state in more than a random, fortuitous, or attenuated way." *ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 176 (4th Cir. 2002). Virginia's long-arm statute, Virginia Code section 8.01-328.1, provides for personal jurisdiction to the extent that federal due process permits. *Id.* With federal due process and Virginia's long-arm statute requiring the same standard, essentially only one inquiry is required. *See id.*

Furthermore, a court may either have specific jurisdiction, which arises when the defendant's contacts with the forum state give rise to the basis of the lawsuit, or general jurisdiction, which arises when the defendant is domiciled in the forum state or if the defendant has affiliations with the state that are so "continuous and systematic" as to render the party "essentially at home." *Fireclean LLC v. Tuohy*, No. 1:16-cv-294-JJC-MSN, 2016 WL 4414845, at *2 (E.D. Va. June 14, 2016) (citation omitted); *see also Tire Eng'g*, 682 F.3d at 301 (citation

3

omitted).

Here, the Court has general personal jurisdiction over Defendants because they are Virginia residents. (Compl. ¶¶ 2-3.) Therefore, Defendants have sufficient "continuous and systematic" affiliations within Virginia to be subject to general jurisdiction. *Cf. Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (corporations subject to general jurisdiction in places where they are "fairly regarded as at home" (quotations omitted)).

***Lastly***, Plaintiff filed this lawsuit in the proper venue. Under 28 U.S.C. § 1391(b), venue is proper in a judicial district (1) "in which any defendant resides, if all defendants are residents of the State in which the district is located; or (2) "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)-(2). Here, venue is proper under the first provision, as Defendants reside in Sterling and Ashburn, Virginia, which are within this District. (Compl. ¶¶ 2, 3, 5.)

### C. Service of Process

Before the Court can render default judgment, it must be satisfied that the defaulting parties have been properly served.

1) <u>Bus4Hire was Properly Served.</u>

Under Federal Rule of Civil Procedure 4(h)(1)(B), a plaintiff can serve a foreign or domestic unincorporated association "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Turning to Rule 4(e)(1), the provision allows service by "following state law . . . where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Virginia code section 13.1-1018, a "foreign limited liability company's registered agent is the limited liability company's agent for service of

4

process." Va. Code Ann. § 13.1-1018.

Here, Plaintiff's private process server personally served Bus4Hire, LLC's registered agent, Rumman Zaheer, at his residence in Ashburn, Virginia. (Mot. ¶ 2; *see* Dkt. 6.) The private process server filed an affidavit of service certifying that he personally served "Bus4Hire, LLC c/o Rumman Zaheer, Registered Agent" with the Summons, Notice, Civil Cover Sheet, Financial Interest Disclosure Statement, and Complaint with Exhibits at his residence, 42709 Wilmar Square, Ashburn, Virginia 20148 on June 3, 2021 at 6:26 p.m. (*Id.*) Upon review of the affidavit and applicable law, the undersigned is satisfied that Plaintiff effected proper service on Urban Commons, LLC.

2) <u>Zaheer was Properly Served.</u>

Federal Rule of Civil Procedure 4(e)(1) allows a plaintiff to serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made." Fed. R. Civ. P. 4(e)(1). Of relevance here, Virginia Code section 8.01-296 authorizes personal service on an individual by "delivering a copy thereof in writing to the party in person." Va. Code Ann. § 8.01-296(1).

Here, Plaintiff's private process server personally served Zaheer at his residence. The private process server filed an affidavit of service certifying that he personally served "Rumman Zaheer . . . with the Summons, Notice, Civil Cover Sheet, Financial Interest Disclosure Statement, and Complaint with Exhibits" at his residence in Ashburn, Virginia on June 3, 2021 at 6:26 p.m. (Mot. ¶3; *see* dkt. 5.) Accordingly, the undersigned finds that Plaintiff properly served Defendant Zaheer.

## II. FINDINGS OF FACT

Upon a full review of the pleadings and record in this case, the undersigned finds that Plaintiff has established the following facts.

### A. The Agreement and its Assignment to Plaintiff.

Defendant Bus4Hire arranged through third-party Grech Financial Services, Inc. d/b/a Edson Financial ("Edson") to finance the purchase of equipment, including one (1) 2014 Van Hool TX45 Motorcoach with a wheelchair lift ("the equipment"). (Compl. ¶ 6; Decl. McGowan ¶ 4.)[2] Bus4Hire, through Zaheer in his capacity as President of Bus4Hire, entered into and executed an Installment Sale Agreement ("Agreement") with Edson on April 22, 2019, granting Edson a security interest in exchange for the equipment's financing.[3] (Compl. ¶ 6-7.) Also, on April 22, 2019, Zaheer, in his personal capacity, guaranteed Bus4Hire's obligations under the Agreement. (Compl. ¶ 8; Decl. McGowan ¶ 5.) Sometime thereafter in April 2019, Edson assigned all its interest under the Agreement to Plaintiff. (Compl. ¶ 9; Decl. McGowan ¶ 6.) The parties amended the Agreement on April 30, 2019, adding one payment of $29,500.00 after sixty-six (66) consecutive payments of $4,895.00. (Compl. ¶ 10; Decl. McGowan ¶ 7.)

### B. Defendants' Breach of the Agreement and Guaranty

Defendant failed to pay the agreed monthly payment beginning on February 25, 2020 and every month thereafter. (Compl. ¶ 11; Decl. McGowan ¶ 8.) Plaintiff declared the Agreement in default on March 4, 2021. (*Id.*) Plaintiff has since demanded the payments owed under the Agreement, and Defendant continues to refuse to comply. (Compl. ¶ 12; Decl. McGowan ¶ 9.)

---

[2] Plaintiff attached to its supporting brief the Declaration of David McGowan in support of damages ("Decl. McGowan"). (*See* Dkt. 13-1.) Mr. McGowan is Vice President and Director of Portfolio Management of Plaintiff, Signature Financial, LLC. (Dkt. 13-1 ¶ 1.)
[3] Plaintiff attached a true and correct copy of the Installment Sale Agreement as Exhibit A to the Declaration of David McGowan. (*See* dkt. 13-1.)

According to the Agreement, Defendant is in default "if [Defendant] shall fail to pay any payments, installments, or other monies or charges on the due date of the Agreement or fail to observe any term or condition of this agreement." (Compl., Ex. A at 2 ¶ 9.) The terms of the Agreement further state that upon default, Plaintiff may declare the entire "Accelerated Balance" immediately due and payable and may request contractual attorney's fees and costs from Defendant. (*Id.*) Under the terms of the Guaranty, Zaheer "absolutely and unconditionally guarantee[d] to the Creditor the full and prompt payment and performance when due of each and every debt, liability and obligation of every type of description that Debtor may now or in the future owe to Creditor whether absolute or contingent or primary or secondary. . . ." (*Id.*, Ex. B.) The Guaranty also provides that Zaheer is liable for attorneys' fees and costs. (*Id.*)

Defendant surrendered the collateral to Plaintiff, and Plaintiff arranged for an auction sale of the equipment at the Northeast Regional Event on June 23-24, 2021 through the Ritchie Bros. Auctioneers ("the Ritchie Bros."). (Decl. McGowan ¶¶ 11-13.) The Ritchie Bros. promoted the equipment auction sale through digital advertisements, print advertisements, thousands of direct mailings, and radio advertising. (*Id.* ¶¶ 13-14, Exs. E, F.) The Northeast Regional Event included 7,954 onsite and online global bidders and 7,216 United States bidders. (*Id.* ¶ 15, Ex. G.) The Ritchie Bros. ultimately sold the equipment for $68,500.00 on June 23, 2021, providing Plaintiff with a net settlement of $47,910.00 (*Id.* ¶ 16, Ex. H.)

Since declaring the Agreement in default, Plaintiff has demanded relief under the Agreement, including the past due balance ($63,635.00), accelerated unpaid balance ($230,239.67), plus late charges ($4,160.75), plus per diem ($18,919.85), less net liquidated proceeds from collateral ($47,910.71), for a total of $269,044.56 as of October 25, 2021, plus accruing interest and late charges. (*Id.* ¶¶ 17-25.)

### III. EVALUATION OF THE PLAINTIFF'S COMPLAINT

When a defendant has defaulted, the well-pleaded allegations of facts set forth in the plaintiff's complaint are deemed admitted. *JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). However, the defaulting party is not deemed to admit conclusions of law or "allegations regarding liability that are not well-pleaded." *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 540 (D. Md. 2011) (internal quotation marks and citations omitted)). As a result, before entering default judgment, the Court must evaluate the plaintiff's complaint against the standards of Federal Rule of Civil Procedure 12(b)(6) to ensure that the complaint properly states a claim upon which relief can be granted. *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003).

A federal court must apply the laws of the forum state, including choice-of-law rules, when exercising diversity jurisdiction. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 369 (4th Cir. 2013). The parties' Agreement contains a choice-of-law provision, which governs under Virginia law. *Paul Business Systems, Inc. v. Canon U.S.A., Inc*, 240 Va. 337, 397, 397 S.E.2d 804 (1990). Here, the Agreement provides that the terms shall be governed "by the laws of the state of California." (Compl., Ex. A at 3.) Additionally, the guaranty clause of the Agreement states: "This guaranty is governed by the laws of the state of California. Guarantor consents to the jurisdiction of any state or federal court located in California or in any other state where any equipment is located." (Compl., Ex. A at 1.) Therefore, the laws of California govern the Agreement in adherence to traditional conflict-of-law rules.

Here, Plaintiff brought claims of breach of contract against Bus4Hire (Count I) and breach of the guaranty against Zaheer (Count II). It is not necessary to address the third,

8

alternative claim for quasi-contract (Count III). The undersigned will address each count in turn.

A. **Breach of Contract Against Bus4Hire under the Agreement.**

Under California law, "the elements of a cause of action of a breach of contract are (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, and (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citing *Reichert v. General Ins. Co.*, 68 Cal. 2d 822, 830, 69 Cal. Rptr. 321, 442 P.2d 337 (1968)).

***First***, Plaintiff must sufficiently allege that it formed a contract with Bus4Hire. Here, the Complaint alleges Edson agreed to finance the equipment purchased by Bus4Hire on April 22, 2019. Zaheer signed the Agreement in his capacity as President of Bus4Hire. Edson later assigned all its interest in the Agreement and to Plaintiff on April 22, 2019. Defendant performed under the Agreement, as did Plaintiff, until February 25, 2020. Zaheer appears to be a competent businessman who understood the straightforward Agreement terms. Accordingly, the undersigned determines that Bus4Hire formed a contract with Plaintiff under the Agreement.

***Second***, Plaintiff must sufficiently allege that it performed any conditions precedent to its right to demand performance by Bus4Hire. The Agreement in this case did not include any conditions precedent that would excuse Bus4Hire's failure to perform. Plaintiff fully performed under the Agreement by financing the equipment, and Bus4Hire also performed until February 25, 2020. The undersigned accordingly finds no unmet conditions precedent preventing Plaintiff from exercising their rights under the Agreement.

***Third***, Plaintiff must allege that Bus4Hire breached the Agreement. Plaintiff's predecessor in interest provided Bus4Hire financing for the equipment. (Compl. ¶ 6, Ex. A.) In return, the Agreement required Bus4Hire to make sixty-six (66) monthly payments of $4,895.00

9

to Plaintiff. (Compl. ¶ 10, Ex. A ¶ 9.) Further, the Agreement states that Bus4Hire is in breach if they "shall fail to pay any payments, installments, or other monies or charges on the due date of the Agreement. . . ." (Compl., Ex. A ¶ 10.) Plaintiff alleges that starting on February 25, 2020 Bus4Hire ceased making their monthly payments to Plaintiff. (Compl. ¶ 11.) The undersigned accordingly finds that Bus4Hire's default on the payments constitutes a breach of the Agreement.

*Finally*, Plaintiff must allege that damages resulted from Bus4Hire's breach. Plaintiff has sufficiently alleged contractual damages, including the past due balance ($63,635.00), accelerated unpaid balance ($230,239.67), plus late charges ($4,160.75), plus per diem ($18,919.85), less net liquidated proceeds from collateral ($47,910.71), for a total of $269,044.56 as of October 25, 2021, plus accruing interest and late charges.

Overall, Plaintiff has adequately pleaded a breach of contract claim against Bus4Hire under California law.

B. **Breach of Contract Against Mr. Zaheer under the Guaranty.**

California courts apply the same standard to breach of contract to claims for breach of guaranty. *Gerritsen v. Warner Bros. Ent., Inc.*, 166 F. Supp. 3d 1104 (C.D. Cal. June 12, 2015). Plaintiff must allege that "1) there is a valid guaranty, 2) the borrower has defaulted, and 3) the guarantor failed to perform under the guaranty." *Indymac Bank, F.S.B. v. Aryana/Olive Grove Land Development, LLC*, 2013 WL 12129624 (C.D. Cal. Sept. 4, 2013) (quoting *Grayl CPB, LLC v. Kolokotronis*, 202 Cal. App. 4th 480, 486 (2011) (citations omitted)).

*First*, Plaintiff must establish that it formed a valid guaranty contract with Zaheer. Here, the Complaint alleges that Zaheer signed the Guaranty on April 22, 2019, executing an absolute, unconditional, and continuing Guaranty for Bus4Hire's obligations. (Compl. ¶ 8, Ex. B.) Accordingly, the undersigned finds that Zaheer formed a valid guaranty contract with Plaintiff.

10

*Second*, Plaintiff must demonstrate that it performed any conditions precedent to its right to demand performance by Mr. Zaheer. The Guaranty provides that:

> Guarantor waives all defenses and notices, including those of protest, presentment, and demand. . . . If Debtor defaults under the Agreement, Guarantor will immediately perform all obligations of Debtor under the Agreement, including, but not limited to, paying all amounts due under the Agreement. Guarantor will pay to Secured Party all expenses (including attorneys' fees) incurred by Secured Party in enforcing Secured Party's rights against Guarantor.

(Compl., Ex. B.) Plaintiff, therefore, did not have to notify Zaheer of his company's default before demanding payment from him, nor does there appear to be any other conditions precedent to Plaintiff exercising its rights. Further, Plaintiff fully performed under the Agreement by financing the equipment under the assignment. As such, the undersigned finds that Plaintiff has the right to demand performance from Zaheer.

*Finally*, Plaintiff must demonstrate that Zaheer has breached the Guaranty. Plaintiff's predecessor in interest provided financing for the equipment. (Compl. ¶ 6, Ex. A.) In return, the Agreement required Bus4Hire to make sixty-six (66) monthly payments of $4,895.00 to Plaintiff. (Compl. ¶ 10, Ex. A) Further, the Agreement states that Bus4Hire is in breach if they "shall fail to pay any payments, installments, or other monies or charges on the due date of the Agreement. . . ." (Compl., Ex. A ¶ 9.) And, Zaheer "absolutely and unconditionally guarantee[d] to the Creditor the full and prompt payment and performance when due of each and every debt, liability and obligation of every type of description that Debtor may now or in the future owe to Creditor whether absolute or contingent or primary or secondary. . . ." when he signed the Guaranty. (Compl., Ex. A ¶ 1). Zaheer has not paid Bus4Hire's debts and is therefore in breach of the Guaranty.

In sum, Plaintiff adequately pleaded a breach of guaranty claim against Zaheer.

IV. REQUESTED RELIEF

Plaintiff requests judgment against Bus4Hire and Zaheer jointly and severally for $269,044.56 for the accelerated balance, plus late charges, plus per diem, less net liquidated proceeds from collateral as of October 25, 2021, plus accruing interest and late charges. (Mem. Supp. at 4.). Plaintiff also seeks $20,131.99 in attorneys' fees and costs. The undersigned will address each form of relief in turn.

**A. Monetary Damages Against Bus4Hire and Zaheer**

First, Plaintiff seeks a total of $269,044.56 in damages. (Decl. McGowan ¶ 17.) This amount consists of: (1) the past due balance ($63,635.00), (2) accelerated unpaid balance ($230,239.67), (3) plus late charges ($4,160.75), (4) plus per diem ($18,919.85), (5) less net liquidated proceeds from collateral ($47,910.71), (6) for a total of $269,044.56 as of October, 25, 2021, (7) plus accruing interest and late charges. (*Id.* ¶¶ 17-25.)

The Agreement provides for Defendants to pay "all unpaid payments now due; (b) all unpaid payments which have not yet come due discounted to present value at 3% per annum or the Federal Discount Rate . . .; (c) all late charges now due and come due in the future once payments are not made as agreed[;] (d) all collection costs, expenses, insurance costs, non-sufficient funds charges, and any other such similar costs and expenses which are incurred by Secured Party . . . ." (Decl. McGowan, Ex. A ¶ 9.) Additionally, the Accelerated Balance shall accrue interest at 10% per annum . . . ." (*Id.*)

Bus4Hire owes a total of $63,635.00 for thirteen (13) past due payments and a total of $230,239.67 for forty-five (45) future payments discounted at a rate of 3% per annum. (Decl. McGowan ¶ 17.) Additionally, Plaintiff is entitled to $18,919.85 per diem on this balance at a default rate of 10% per annum from March 4, 2021 to October 25, 2021. (*Id.*) Additionally,

12

Plaintiff is entitled to $4,160.75 in late charges. (*Id.*) The net liquidated proceeds from the sale of the equipment compensated resulted in $47,910.71 of proceeds for Plaintiff. In sum, Bus4Hire owes Plaintiff $269,044.56. (*Id.*)

Accordingly, the undersigned finds that Plaintiff is entitled to $293,874.67 for damages under the Agreement plus $18,919.85 per diem and $4,160.75 in charges less $47,910.71 in collateral proceeds for a total of $269,044.56.

### B. Reasonable Costs and Fees

Next, Plaintiff requests that the Court award reasonable attorneys' fees and costs. Parties may contract away the "American rule" for attorneys' fees and instead "adopt[] provisions shifting fees to the losing party in disputes involving the contract." *Dewberry & Davis, Inc. v. C3NS, Inc.*, 723 S.E.2d 239, 243 (Va. 2012). Here, the Agreement contains a fee-shifting provision providing that Bus4Hire agreed "to pay all attorneys' fees, costs, and expenses in connection with any litigation with respect to this Agreement." (Mem. Supp. at 9, Ex. A ¶ 9, McGowan Decl. ¶ 3.) Additionally, the Guaranty provides that Zaheer shall pay "all costs, expenses and legal fees paid or incurred by Creditor in enforcing any Obligation and this Guaranty." (Mem. Supp. at 9, Ex. B ¶ 8, McGowan Decl. ¶ 5.) Mr. Zaheer assumed Bus4Hire's obligations under the Guaranty. As such, Plaintiff is entitled to reasonable fees and costs.

In the Declaration of S. Mohsin Reza ("Reza Decl.") attached to Plaintiff's supporting memorandum, Plaintiff requests that the Court award a total of $20,131.99. (Reza Decl. ¶16.) This number accounts for $17,229.99 attorneys' fees and $2,500 in attorneys' fees not yet billed. (Darcy Decl. ¶¶ 6, 8.) The attorney's fees cover the $350 per hour rate of Counsel S. Mohsin Reza and the $365 and $400 per hour rate of Associate Lisa M. McQuade. (*Id.* ¶ 9.) Costs incurred include $400 for filing the lawsuit (*Id.* ¶ 10.)

13

Upon review of the supporting affidavit and the incurred fees and costs, the undersigned finds that the fees and costs are reasonable. Accordingly, the undersigned recommends that the Court award Plaintiff a total of $20,131.99 in attorneys' fees and costs.

## V. Recommendation

For the reasons articulated above, the undersigned recommends that the Court enter an order granting Plaintiff's Motion for Default Judgment (Dkt. 12), thereby entering default judgment in favor of Plaintiff and against Defendants Bus4Hire and Rumman Zaheer jointly and severally. Further, the undersigned recommends that the Court award Plaintiff (1) $269,044.56 in damages and (2) $20,131.99 in attorneys' fees and costs.

## VI. Notice

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

/s/
Theresa Carroll Buchanan
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

January 5, 2022
Alexandria, Virginia